THE STATE, JACOB T. FIELD, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF BAYONNE AND WILLIAM C. HAMILTON, CITY CLERK OF SAID CITY.

The seventy-ninth section of the charter of Bayonne authorizes the mayor and council to purchase sites, markets, public buildings and wharves, and to erect suitable buildings or wharves, or other structures or improvements, on said sites, and for said purposes, or for the purpose of purchasing sites for school-houses, to issue bonds. *Held*, that school-houses were not included in the expression "public buildings," and a resolution to issue bonds to enlarge a school-house was illegal.

On *certiorari*.

This writ brings up for review the action of the council of the city of Bayonne in passing the following resolutions:

"*Resolved*, That the mayor and city clerk be and they are hereby authorized to make and issue $9000 of city of Bayonne bonds, dated July 1st, 1886, to run twenty years, bearing interest at five per cent. ; and be it further

"*Resolved*, That the city treasurer, under the direction of the mayor and president of the council, be and is hereby authorized to sell the same, when issued, at not less than par and accrued interest; and be it further

"*Resolved*, That the proceeds of the sale of said bonds be placed to the credit of the board of education, for the purpose of enabling said board to make additions to School No. 3, and for no other purposes."

Argued at November Term, 1886, before Justices REED, MAGIE and PARKER.

For the plaintiff in *certiorari*, *De Witt Van Buskirk* and *A. T. McGill*.

For the defendant, *Wallis & Edwards*.

The opinion of the court was delivered by

REED, J. The resolutions brought up are attacked upon the ground that there is no authority to be found in the charter of the city of Bayonne for the issuance of bonds to raise money for the purpose of making an addition to a school-house.

The charter of the city is to be found in the laws of 1872. *Pamph. L.*, *p.* 686. Three sections of the charter authorize the issue of bonds. Under the forty-fourth section bonds may be issued in anticipation of taxes, when repayment of the bonds shall be provided for from taxes to be raised in said city in the same year. Under the sixty-seventh section bonds may be issued in anticipation of the collection of assessments for street improvements, denominated "improvement bonds of the city of Bayonne."

It is under the seventy-ninth section that these bonds are claimed to have been issued. This section authorizes the mayor and council to purchase sites for parks, markets, public buildings and wharves in said city, and to erect suitable buildings or wharves, or other structures or improvements on said sites, and for said purposes, or for the purpose of purchasing sites for school-houses, to issue bonds to be denominated on the face thereof "city of Bayonne bonds."

I think it is apparent that the last section affords no authority in support of the resolution. The power to purchase sites for parks, markets, public buildings and wharves is separated from the words conferring power to purchase sites for school-houses. And the separation in the section is for the purpose of conveniently coupling with the former power the right to erect buildings upon those sites, and to issue bonds for those purposes, without conferring a similar power in relation to buildings on school-house sites.

The design to exclude school-houses from the class of struc-

tures for the expense of which bonds may be issued under the provisions of the seventy-ninth section, is more conspicuously apparent when we compare this section with the language of the previous charter of 1869.

Section 74 of the charter of 1869 (*Pamph. L., p.* 401) authorizes the issue of bonds for the purpose of purchasing sites for parks, markets, school-houses, public buildings and wharves in said city, and for the purpose of erecting suitable buildings thereon.   This section, it is perceived, contains a general power to issue bonds for school-houses as well as sites.   In the revision the phraseology of the section is altered obviously for the purpose of eliminating school-houses from, while still leaving school-house sites in the class of objects for which bonds could be issued.   The single point upon which defendant's case rests is that school-house is included within the term " public buildings."   But this contention is rendered untenable by the fact that both terms appear in the same section, and upon this construction the word " school-houses " would be meaningless.

This construction would be violative of the primary rule that the legislature intended each word to have a meaning. Both the old charter and the new indicate that the word " school-house " was used in the latter as entirely distinctive from the words " public buildings."

The credit of the municipality cannot be pledged in the manner contemplated by the resolutions brought up, without clear and unmistakable legislative permission.   The reasons for this wholesome restriction of municipal action are stated by the Chief Justice in the case of *Town of Hackettstown* v. *Swackhammer,* 8 *Vroom* 191.

There is clearly an absence of power to bond the city of Bayonne, under the present charter, for the purpose of raising money for erecting or enlarging school-houses.   The resolutions are set aside, with costs.